**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

**IN RE: RHONDA MAE MARRIN**   Case No. 08-32473-DOT
Chapter 7 Debtor

**GRACE MORRIS**
    Plaintiff

v.   Adv. Pro. No. 08-3116-DOT

**RHONDA MAE MARRIN**
Defendant

## MEMORANDUM OPINION AND ORDER ON MOTION TO RECONSIDER

On August 12, 2009, the court held trial on the complaint filed by plaintiff Grace Morris against defendant debtor Rhonda Rae Marrin. Plaintiff's complaint, based in part upon 11 U.S.C. § 523(a)(2), sought to except from debtor's discharge an indebtedness for delinquent rent and other damages plaintiff claimed arose from debtor's rental of plaintiff's residential real property. Plaintiff also sought to deny debtor's chapter 7 discharge pursuant to 11 U.S.C. § 727.

At the conclusion of trial the court announced findings of fact and conclusions of law. The court's bench ruling ordered that the complaint be dismissed to the extent that it sought relief based upon 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C § 727. The court further awarded plaintiff nondischargeable damages in the amount of $3,035.00 pursuant to 11 U.S.C. §523(a)(2)(B). This opinion incorporates the court's bench ruling.

On August 27, 2009, plaintiff filed a motion to reconsider the court's ruling.

## Facts and Procedural History

On May 20, 2007, debtor completed an application to rent plaintiff's house in Chesterfield County, Virginia. In the application, debtor stated that she earned $45,000 annually and had additional income of $2,000 per month from Phillip Morris, her previous employer. In

1

late May 2007, debtor and plaintiff entered into a one year oral rental lease, to begin June 15, 2007, and end June 14, 2008. Monthly payments were $995.00, payable on the first of each month. Debtor made six regular monthly payments through November 2007. No further payments were made under the oral lease.

On January 14, 2008, plaintiff delivered a letter to debtor demanding that debtor either vacate the premises or execute a written rental agreement and agree to make up the delinquent rent for December 2007 and January 2008. Debtor agreed to sign the written lease but indicated that she needed a payment plan because she couldn't pay the full amount by the first of the month. Plaintiff agreed. On February 22, 2008, debtor and plaintiff entered into a written lease, which included a payment plan. Debtor made only one payment per this payment plan; that payment was made in February 2008.

Plaintiff attempted to contact debtor on a regular basis throughout March and April. In early May, debtor indicated that she did not have money to pay the rent, and on May 30, 2008, she filed her chapter 7 bankruptcy case. On July 8, 2008, the chapter 7 trustee filed a report of no distribution, indicating that the case would provide no distribution to debtor's unsecured creditors. On September 8, 2008, plaintiff instituted this adversary proceeding against debtor.

At trial on August 12, 2009, the court found that debtor's original May 2007 rental application, in which she stated that she had $2,000 per month in additional income, was a false financial statement under § 523(a)(2)(B) of the Bankruptcy Code, as the testimony revealed that debtor did not have $2,000.00 per month in additional income. To the extent that plaintiff reasonably relied on that false statement, the court awarded her judgment for rent for the months of December 2007, January 2008 and February 2008, plus a $50.00 returned check fee, totaling

2

$3,035.00. That award represented nondischargeable damages under § 523(a)(2)(B) of the Bankruptcy Code.

With respect to the remainder of the damages for which plaintiff sought a finding of nondischargeability, the court found that at the time plaintiff signed the February 2008 written lease, she was on notice that debtor wasn't able to make monthly payments of $995.00. Therefore, plaintiff could not show that in executing the lease, she reasonably relied on the false statements in debtor's original application, because debtor's financial situation had clearly changed. For these reasons, the court found that no other damages sought by plaintiff were nondischargeable.

The court also found that plaintiff had not established a claim under § 523(a)(2)(A) of the Bankruptcy Code, which provides that debts incurred by "false pretenses, a false representation, or actual fraud, other than a statement regarding the debtor's . . . financial condition" may not be discharged. However, in this case, the court found that in entering into the oral rental agreement, debtor had the intent to make the payments, as evidenced by the fact that she made the payments through November 2007. In addition, the rental application at issue was a statement regarding the debtor's financial condition, which was properly governed by § 523(a)(2)(B) and not § 523(a)(2)(A).

Finally, the court ruled against plaintiff's request to deny debtor's discharge under § 727. The court examined the evidence with respect to missing jewelry as well as to other errors in the schedules debtor filed in her bankruptcy case. The court noted that plaintiff's claims sounded under § 727(a)(4), which provides that a discharge may be denied if the debtor made a false oath in connection with the case. However, the court pointed out that errors in schedules must be intentional and must be material if a discharge is to be denied. In this case, the court found that

3

plaintiff failed to carry her burden to prove that the errors were intentional or that they were material so as to affect distribution to creditors.

**Motion to reconsider**

On August 27, 2009, plaintiff filed this motion to reconsider. In particular, plaintiff asserts that the court erred 1) in dismissing the balance of rent in the amount of $3,479 and $2,807.68 in court and legal expenses and 2) in dismissing the complaint to the extent that it sought relief under 11 U.S.C. § 727.

**Discussion and Conclusions.**

The federal procedures applicable to motions for amendment of court orders, often referred to as motions for reconsideration, are found in Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59. In order for a bankruptcy court to alter or amend an order or judgment under Rule 59, a party movant must show that the reconsideration is necessary on at least one of three grounds: (1) manifest error of law; (2) manifest error of fact; or (3) newly discovered evidence. *See Jefferson Bank. v. Devault Mfg. Co. (In re Devault Mfg. Co.)*, 4 B.R. 382, 385 (Bankr. E.D. Pa. 1980); *see also Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *see generally* Fed. R. Civ. P. 59(a)(1)(B), formerly Fed. R. Civ. P. 59(a)(2) (stating that a rehearing can be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."). Thus, in practice, the grounds for motions seeking new trials boil down to either an alleged manifest error of law or fact or some type of alleged newly-discovered evidence. 10 *Collier on Bankruptcy* ¶ 9023 (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev. 2008); 12 *Moore's Federal Practice – Civil §* 59.13[3] (Matthew Bender 3d ed.).

Because there has been no manifest error of law or fact and no new evidence has been discovered, the court will not grant the motion to reconsider.

Plaintiff's motion to reconsider first addresses the court's ruling based upon § 523(a)(2)(B) of the Bankruptcy Code. That section prohibits an individual debtor from discharging a debt to the extent that it was incurred by use of a written statement that was materially false respecting the debtor's financial condition. A creditor must have reasonably relied upon this statement if the debt is to be found nondischargeable. Plaintiff's § 523(a)(2)(B) claim sought to except from debtor's discharge an indebtedness for delinquent rent and other damages arising from debtor's use of the rental property. Plaintiff alleged that she reasonably relied on debtor's false statements in the original rental application. At trial, the court found that the rental application constituted a false financial statement but that plaintiff had not proven the required element of reasonable reliance with respect to all the amounts for which she sought a finding of nondischargeability.

Plaintiff asks the court to reconsider the ruling as to her reasonable reliance. However, plaintiff has failed to show any manifest error of fact or law. Plaintiff cannot show the required element of reasonable reliance. At the time plaintiff agreed to sign the written lease, debtor had not paid rent for three months. Additionally, debtor advised plaintiff that debtor would no longer be able to make the full monthly payments on the first of the month. Plaintiff knew that debtor's financial situation had changed, and plaintiff did not act reasonably in continuing to rely on the original rental application. *See* 4 *Collier on Bankruptcy* ¶ 523.08[2][d] (Alan N. Resnick & Henry J. Sommer, eds, 15th ed. rev. 2008).

The court finds that based on debtor's inability to pay and her request for a payment plan, plaintiff cannot show that her reliance on the original rental application was reasonable after

February 2008, and any debts incurred by debtor to plaintiff under the February 2008 lease cannot be excepted from discharge under § 523(a)(2)(B). There being no manifest error of fact or law, the motion to reconsider will be denied as to § 523(a)(2)(B).

Plaintiff also requests that the court reconsider its ruling under § 523(a)(2)A) of the Bankruptcy Code. Plaintiff alleged that debtor intended to defraud plaintiff when she signed the written lease and that debtor never intended to make all of the required payments. At trial, the court found no intent to defraud on the part of debtor. A review of the evidence shows no manifest error of fact or law in this finding, and the motion to reconsider will be denied as to § 523(a)(2)(A).

Finally, plaintiff argues that the court's ruling under § 727(a)(4) was made in error because of multiple errors in debtor's bankruptcy schedules, which plaintiff urges constituted "false oaths" in connection with the case, thus making her ineligible to receive a discharge. The principal item that plaintiff asserted was fraudulently omitted from debtor's schedules was jewelry, which debtor testified had been stolen pre-petition, probably by a family member. Plaintiff has failed to produce evidence that the jewelry was fraudulently omitted from the schedules. Plaintiff has not shown the fraudulent intent required by § 727(a)(4). Further, she has not demonstrated that the alleged errors were of a material nature, which is a requirement of § 727(a)(4) as well. *See Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249 (4th Cir. 1987). The court's review of the remaining evidence has not revealed a manifest error of fact, and plaintiff has not alleged a manifest error of law. The motion to reconsider will be denied as to § 727(a)(4).

Therefore, in accordance with the above discussion,

**IT IS ORDERED** that the motion to reconsider filed by plaintiff Grace Morris is

**DENIED**.


Signed:_____


/s/ Douglas O. Tice Jr._____
Chief United States Bankruptcy Judge

Copies:

Grace Morris
12130 Sunset Point Ct.
Midlothian, VA 23112
*Plaintiff*

Rhonda Rae Marrin
P.O. Box 35985
Richmond, VA 23235
*Debtor*

Robert B. Hill
Hill & Rainey, Attorneys
2425 Boulevard, Suite 9
Colonial Heights, VA 23834
*Attorney for Debtor*